# UNITED STATES DISTRICT COURT

__Eastern__ District of __New York__

UNITED STATES OF AMERICA
V.
GARY FARBEROV

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: CR01-01243 (CBA)
USM Number:
Thomas Ratchko, Esq. (AUSA Cynthia Monaco)
Defendant's Attorney

Date of Original Judgment: October 8, 2004
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)
(Consent Order of Forfeiture inadvertently omitted from the original Judgment) *

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y.**
★ MAY 19 2006 ★
TIME A.M. _____ P.M. _____

**THE DEFENDANT:**
☒ pleaded guilty to __2 of Indictment__
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1956(a)(2)(A) and (h) | Conspiracy to commit money laundering, a Class C felony. | September 2001 | 2 |

The defendant is sentenced as provided in pages 2 __of 5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) __1__ ☒ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 17, 2006
Date of Imposition of Judgment

/s/ Hon. Carol B. Amon
Signature of Judge

Carol Bagley Amon, U.S.D.J.
Name and Title of Judge

May 17, 2006
Date

DEFENDANT: **GARY FARBEROV**
CASE NUMBER: **CR01-01243 (CBA)**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term
50 months

- [X] The court makes the following recommendations to the Bureau of Prisons:
The defendant shall be designated to the Otisville, N.Y. facility.

- [ ] The defendant is remanded to the custody of the United States Marshal.

- [ ] The defendant shall surrender to the United States Marshal for this district:
  - [ ] at _____ [ ] a.m. [ ] p.m. on _____ .
  - [ ] as notified by the United States Marshal.

- [X] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - [X] before 2 p.m. on __December 3, 2004__ .
  - [ ] as notified by the United States Marshal.
  - [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: GARY FARBEROV
CASE NUMBER: CR01-01243 (CBA)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
3 years

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [X] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

DEFENDANT: **GARY FARBEROV**
CASE NUMBER: CR01-01243 (CBA)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 33,000,000.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Restitution payments are to be paid to the Clerk of the Court, EDNY | | 33,000,000.00 | 10% of net salary monthly upon release |

| **TOTALS** | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:
  ☐ the interest requirement is waived for   ☐ fine   ☐ restitution.
  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: GARY FARBEROV
CASE NUMBER: CR01-01243 (CBA)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A    X    Lump sum payment of $ __100.00__ due immediately, balance due

         ☐ not later than _____ , or
         ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B    ☐    Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

         Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

X    The defendant shall forfeit the defendant's interest in the following property to the United States:
         See attached Consent Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Farberov.fft.ord
F.# 2001RO2241

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x

UNITED STATES OF AMERICA,

    -against-

GARY FARBEROV,
(also known as "Gary Farber,")

        Defendant.

------------------------------------------------------x

Cr. No. 01-1243 (CBA)

(Amon, J.)

## CONSENT ORDER OF FORFEITURE

WHEREAS, in the above-captioned Indictment, the United States of America sought, inter alia, forfeiture of any property, real and personal, of defendant GARY FARBEROV involved in the money laundering conspiracy alleged therein; and

WHEREAS, on December 7, 2001, defendant GARY FARBEROV, pled guilty to Count 2 of the Indictment, and agreed to forfeit, pursuant to 18 U.S.C. §§ 982(a)(1) and 1956(h), his interest in (1) all funds on deposit in BNP Paribas Private Bank (Suisse) SA account 565084-5, in the name of Exista Foundation, and all funds traceable thereto; (2) all funds on deposit in JPMorgan accounts 140086258565, 140087241765 and 140087241766 in the name of First Equity Enterprises, Inc., and all funds traceable thereto; (3) all funds on deposit in JPMorgan account 140087397065 and 681619368401 in the name of Gary Farberov, and all funds traceable thereto; (4) all funds on deposit in JPMorgan account 217007122165 in the name of Gary and Larissa Farberov, and all funds traceable thereto; (5) all funds on deposit in Bank of New

Zealand account 01920474859 in the name of First Equity Enterprises, Inc., and all funds traceable thereto; and (6) all funds on deposit in National Australian Bank account 48-014-6534 in the name of First Equity Enterprises, Inc., and all funds traceable thereto, as property involved in or traceable to the money laundering conspiracy set forth in Count Two of the Indictment.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Defendant GARY FARBEROV shall forfeit to the United States of America, pursuant to 18 U.S.C. §§ 982(a)(1) and 1956(h), his interest in (1) all funds on deposit in BNP Paribas Private Bank (Suisse) SA account 565084-5, in the name of Exista Foundation, and all funds traceable thereto; (2) all funds on deposit in JPMorgan accounts 140086258565, 140087241765 and 140087241766 in the name of First Equity Enterprises, Inc., and all funds traceable thereto; (3) all funds on deposit in JPMorgan account 140087397065 and 681619368401 in the name of Gary Farberov, and all funds traceable thereto; (4) all funds on deposit in JPMorgan account 217007122165 in the name of Gary and Larissa Farberov, and all funds traceable thereto; (5) all funds on deposit in Bank of New Zealand account 01920474859 in the name of First Equity Enterprises, Inc., and all funds traceable thereto; and (6) all funds on deposit in National Australian Bank account 48-014-6534 in the name First Equity Enterprises, Inc., and all funds traceable thereto, as property involved in or traceable to the money laundering conspiracy set forth in Count Two of the Indictment.

2. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Consent Order of Forfeiture shall be final against defendant GARY FARBEROV and shall

be made part of the sentence of defendant GARY FARBEROV and shall be included in the judgment of conviction therewith.

3. Pursuant to Title 21 U.S.C. § 853(n)(1), the United States Marshal shall forthwith cause to be published in accordance with the custom and practice in this district in a newspaper of general circulation in the area in which the forfeited property is located, notice of this Order, notice of this Order and the United States's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than Defendant, having a claim or claiming a legal interest in any of the above-listed forfeited property must file a petition with this Court within thirty (30) days of the final publication of notice or receipt of actual notice, whichever is earlier.

4. The notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

5. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject of this Consent Order of Forfeiture, as a substitute for published notice as to those persons so notified.

6. Subject to the Court's disposition of any timely-filed third-party interests with respect to the forfeiture of the assets listed above, adjudication of which may be made after entry of this Consent Order of Forfeiture, the United States shall have clear title to the forfeited property.

7. In accordance with Fed. R. Crim. P. 32.2(b)(3), the United States is hereby authorized to conduct any discovery necessary to help identify, locate or dispose of the property to be forfeited.

8. That upon adjudication of any and all third-party interests with respect to the forfeiture of assets, as necessary, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(n), in which all interests will be addressed.

9. The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney David L. Goldberg, U.S. Attorney's Office, One Pierrepont Plaza, 14th Floor, Brooklyn, New York, 11201.

Dated: Brooklyn, New York
December 7, 2001

SO ORDERED:

/s/ Hon. Carol B. Amon
HONORABLE CAROL BAGLEY AMON
United States District Judge